## COURT OF APPEALS, SEPTEMBER TERM, 1847.

CONLEY & JOHNSON, Plaintiffs in Error, vs. PALMER, Defendant in Error.

A writ of error will be quashed with costs, where the notice of bail does not state the *additions* of the sureties, with their places of residence. (5 Hill, 519.)

*Quære.* Whether a writ of error allowed by an officer, without being signed by the clerk, and sealed, was *void* or *voidable* under the practice and statute, previous to July 5, 1847.

*Court of Appeals, September Term,* 1847. *This was a motion by Defendant in error, to quash the writ of error in this cause.*—On the 21st of June last, the attorney for Plaintiffs in error served on the attorney for Defendant in error, a copy of an order of a supreme court commissioner, entitled as above, in "Supreme Court," staying proceedings of Defendant in error on the judgment rendered in the supreme court, until judgment should be rendered on the (within) writ of error; accompanied by a notice that a writ of error from the court for correction of errors, returnable at the next meeting of the court, and tested on the first Monday of January, 1847, had been allowed in this cause, and that the above was

à copy of an order endorsed on said writ. About half an hour previous to the service of the above copy, order, and notice, a paper purporting to be a writ of error in the cause, with the original order of the supreme court commissioner endorsed thereon, was exhibited to the attorney for Defendant in error. The Defendant in error stated that when such writ was exhibited to him, there was no seal of any court whatever upon it. Afterwards on the 29th of June, another notice was served on the attorney for Defendant in error, by the attorney for Plaintiffs in error, stating the issuing of the writ, &c., "between John W. Conley, and Wm. F. Johnson, and Joseph S. Palmer, (the parties were stated the same in the writ,) in a plea of debt," &c., with a further notice stating the names of the bail in the bond, and their places of residence, *without any additions.* On the 30th of June, the attorney for Defendant in error served notice of retainer, and on the 4th of August wrote to the clerk of the court of appeals, to ascertain whether assignment of errors had been filed, and was informed none could be found.

The attorney for Plaintiffs in error stated that the writ was exhibited to the attorney for Defendant in error, on the 21st of June, at his request, but not for the purpose of serving it. On the 22d of June, the attorney for Plaintiffs in error sent the writ of error to the clerk of the court of errors, and had it signed by him and sealed; and on the 26th of June, sent the writ, bond, and certificate of counsel to the clerk of the supreme court at Utica, by mail, with directions to file the same, and make return thereto, &c. On the 28th of June, served notice of issuing the writ, &c., on the attorney for Defendant in error (as stated by him): and on the 29th received his admission of service. Before the motion papers were served, he sent by mail an assignment of errors to the clerk of this court to file, and served by mail a copy thereof, and notice to the attorney for Defendant in error. The motion papers were served on the 28th of August last.

The Defendant in error founded his motion upon the following points:

I. The writ of error is void;

1st. It was allowed to remove a cause from the supreme court, where Conley & Johnson were Plaintiffs in error; whereas it removes a cause from the supreme court where Palmer was Plaintiff in error, and Conley & Johnson, Defendants in error. (Reference to the endorsement of the supreme court commissioner of the allowance and stay of proceedings on the writ, where the title was "*Supreme Court*—John W. Conley & Wm. F. Johnson, Plaintiffs in error, vs. Joseph S. Palmer, Defendant in error.") The writ *allowed*, must correspond with the record. (2 R. S., 482, § 18.)

2d. There was no seal on said writ when allowed. (2 R. S., 207, § 8; Session Laws, 1847, p. 335, § 57.)

3d. It does not appear by said writ who were Plaintiffs or Defendants.

II. The Plaintiffs in error did not cause the writ of error and transcript of judgment to be filed in twenty days after writ issued. (2 R. S., 496, § 43; rule 2, Court of Errors; rule 1, Court of Appeals.)

III. The Plaintiffs in error did not make and file an assignment of error within four days after the return of said writ, and have not yet assigned errors. (Rule 4, Court of Errors; rule 3, Court of Appeals.)

IV. The notice of filing writ of error is defective in not stating who the parties are in said writ filed; *a plaint between John W. Conley, and Wm. F. Johnson, and Joseph S. Palmer,"* is too indefinite.

V. The notice of bail is defective:

1st. It does not specify in what cause bail is put in.

2d. It does not give the names of the sureties, with their *additions* and places of residence, as required by statute. (*Moody vs. Baker*, 5 Cow. 413; *Fleet vs. Young*, 11 Wend. 526; 2 R. S., 495, § 34, 2d ed.; *Stearns vs. Kenyon*, 5 Hill, 519.)

M. T. REYNOLDS, *for Deft in error.*
WM. J. HOUGH, *for Plffs in error.*

By the Court, JEWETT, Chief Judge—Granted the motion with costs, on the ground that the notice of bail was defective in not stating the *additions* of the sureties, which was fatal. (5 Hill, 519.) Besides, it did not appear that the writ had been returned, and assignment of errors filed according to the rules.

There was no decision announced upon the other points.